UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN DOE,**

    Plaintiff,

v.

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY; CIGNA CORPORATION; LIFE INSURANCE COMPANY OF NORTH AMERICA; HINSHAW & CULBERTSON LLP; ISHA TIRADO-BAKER; JEFFREY DUCK; OFFICE OF CLERK OF THE THIRTEENTH JUDICIAL CIRCUIT COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA; OFFICE OF STATE OF FLORIDA COURTS ADMINISTRATOR; THE HONORABLE REX M. BARBAS; STEVEN D. LEHNER; RUEL W. SMITH; DOE AGENCY; DOE COMPANY; DOE CORP.; DOE LLC; DOE PA; DOE PL; DOE PLLC; and JANE and JOHN DOE 1 – 5**,

    Defendants,

**Case No:** 8:20-cv-1454-T-60TGW

*See Notice of Related Case No. 8:17-cv-700-T-24-AEP

## VERIFIED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF AND REQUEST FOR JURY TRIAL

1. Plaintiff is incapacitated Florida resident party-plaintiff in case previously before this Court styled <u>John Doe a/k/a P.A.D. v. Pamela Jasper, a/k/a Pamela Jacques, and Connecticut General Life Insurance Company</u>, Case No.: 8:17-cv-700 T-24-AEP.

2. On September 27, 2017, numerous matters were expeditiously adjudicated after various documents were filed following extensions of time of parties' counsel (not for Doe). Comprehensive review included discussion of applicable doctrines and explication of independent legal duties of Omnibus AIDS Act of 1988, Section 381.004, <u>Florida</u> <u>Statutes</u>, in Order of Remand, which concluded and ordered in part: "the Court lacks personal jurisdiction over Jasper and subject matter jurisdiction over Plaintiff" state law claims. Accordingly, it is hereby ORDERED AND ADJUDGED that: (1) Defendants' Motion to Dismiss is GRANTED to the extent that Plaintiffs amended complaint is DISMISSED as to Defendant Jasper, and (2) the Clerk is directed to REMAND this case to state court and then to close this case." <u>Doe v. Jasper & Connecticut General Life Insurance Co.</u>, 2017 U.S. Dist. LEXIS 158808 (M.D. Fla., Sept. 27, 2017).

3. With continued reservation of rights, privileges and protections and for purposes of providing short and plain statement and certification of compliance with Rule 11 of the Federal Rules of Civil Procedure in verified complaint submitted with filing fee with respect to claims and requests for injunctive relief and for any and other further relief in connection to ongoing course of conduct and willful acts and omissions continuing to cause irreparable harm and deprivation of federal and state constitutional and statutory rights, privileges and protections, all Defendants, Connecticut General Life Insurance Company (Connecticut General), Cigna Corporation (Cigna), Life Insurance Company of North America (LINA), Hinshaw & Culbertson LLP (H&C), [Deputy Clerk of Thirteenth Judicial Circuit Court of Florida] Isha Tirado-Baker (Tirado-Baker), [Deputy Clerk of Thirteenth Judicial Circuit Court of Florida] Jeffrey Duck (Duck), Office of the Clerk of the Thirteenth

Judicial Circuit Court in and for Hillsborough County, Florida (Office of Hillsborough Clerk of Circuit Court), Office of State of Florida Courts Administrator (Office State Courts Administrator), the Honorable Rex M. Barbas (State Court), Steven D. Lehner (Lehner), Ruel W. Smith (Smith) have been aware by law of case, Order of Remand, progress docket entries, notices and other materials that Doe is a handicapped Florida resident.

4. Defendants have had knowledge and access to information of record under penalty of perjury submitted with notice of continued reservation of rights concerning diagnoses of acquired immune deficiency syndrome, advanced stage invasive cancer, narcolepsy, seizure disorder, recurrent advanced stage invasive cancer, as well as information concerning Doe's first request for continuance and for brief delay made approximately six hundred seventy (670) days after Order of Remand was entered and about eight hundred seventy five (875) days after case filed in state court.

5. Defendants have had knowledge and access to information of record under penalty of perjury, also submitted with notice of continued reservation of rights, concerning treatment interruptions and complications during second round of twice-daily chemotherapy and twice-daily radiation caused by Norovirus infection and requiring lengthy isolation care and hospitalization extended due to unexpected intravenous infiltration requiring emergency surgery for blood and skin sepsis and NeuroScience intensive care and discharge to home nursing care, and daily treatment changes in February 2020, including for treatment effects, as well as emergency care and treatment modifications for respiratory viral infection diagnosed on April 23, 2020, and Doe remains under multidisciplinary medical care with recuperative care medical orders and follow-up care after another recent surgical procedure.

6.      The state court case file shows after Order of Remand was entered on September 27, 2017, Duck returned acknowledgement materials to this Court on or about October 3, 2017. However, despite that resources and energies were expended by Mr. Timothy Covey, Paralegal, and attorneys and staff at Law Office of Patrick J. Cremeens, PL, case remained listed as "Closed" for several months, including during period the United States of America was completing comprehensive review of Cigna entities' merger materials (and during such reviews pending lawsuits are sometimes resolved) and case remained incorrectly listed as "Closed" even though parties' counsel only (no parties/witnesses) had been appearing at chambers hearings at request of Connecticut General regarding matters already adjudicated and considered settled law everywhere except cited case.

7.      The case file shows customary procedures usually required following remand, such as filing of responsive pleading by Connecticut General as only remaining Defendant, were not followed. Progress docket further indicates a case management conference was noticed to be conducted approximately three (3) months after remand of improperly removed solely state law claims case; the non-recorded conference was focused on preemption and topic of hearings all before same very busy State Court and remains unsettled for more than one thousand (1,000) days.

8.      Case record and transcripts of post Order of Remand hearings evidence that Cigna, Connecticut General, H&C, Lehner and Smith have remained defiant with respect to HIV/AIDS records, law of case, and judicial process despite knowledge that such conduct is injurious and not in any way caused by Doe. Doe does not dispute that entities are for specified reasons and with safeguards in place, such as provided by the State of Florida,

permitted to engage various professionals; rather parties vigorously disagree about necessity of such protected records being disclosed to non-treating physicians and private investigators without any need for such information and without proper record handling/destruction, including position of Cigna, Connecticut General, H&C, Lehner and Smith that when records are provided by Cigna and Connecticut General without authorization of patient, Cigna and Connecticut General cannot control what happens to such records.

9. Transcripts and progress docket indicates that with exception of request made on Doe's behalf for alternate dispute resolution typically ordered early in litigation without need for application of order and which was granted and entered as agreed order a couple of months later on date of hearing, and one set of discovery requests served but not yet returned by Connecticut General, Doe's counsel remained obedient and patient and appears to have done more than what is typically required and patiently awaited rulings after State Court made comment about "thin ice" and potential costs regarding still pending preemption issue at October 24, 2018 chambers hearing during which H&C and Smith again confirmed that it is customary for HIV/AIDS records to be disclosed without authorization.

10. Case record indicates for one example that procedures usually available to similarly situated litigants has remained paused with respect to videotaped evidence allegedly in possession of Dr. Bhupendra K. Gupta of Brandon, Florida and referenced in law of case doctrine and considered "holy grail" for neurologists and life-enhancing and life-saving for patients such as Doe by avoiding potentially serious and permanent effects and allow alteration of treatment plan without special monitoring and time-consuming titration.  It is Doe's understanding that subsequent to August 9, 2019 follow-up during which Mr. Covey

apprised Jeanne M. Cremeens, Esq. that information furnished by H&C, Lehner and Smith was incorrect and traceable requests in proper form by Law Office of Patrick J. Cremeens, PL (now Cremeens Law Group PLLC) to Dr. Gupta (and others) did not produce any response whatsoever, renewed requests were being sent that date or shortly thereafter with respect to such with request for last few minutes of examination that concluded shortly after Doe suffered what has been described as a FAS (focal aware seizure) while running around Dr. Gupta's office in underwear.

11. The case record evidences that H&C, Lehner, Smith and State Court are aware that Hillsborough County, Florida is listed as one of the "hot spots" of the current U.S. HIV Epidemic along with other counties in the State of Florida, which is and has been for more than thirty (30) years the epicenter of the current US HIV Epidemic, and as indicated during the President of the United States' State of the Union Address to the 116th Joint Session of Congress last year, massive additional federal funds have been allocated for Florida's efforts still severely hampered by issues of stigma and privacy.

12. The progress docket evidences that this case that remained essentially paused on issues subject of complaint due to still-pending preemption doctrine arguments of H&C, Lehner and Smith and has been consumed with issues with respect to parties' voluntary settlement efforts. In sum, on September 4, 2019, Connecticut General moved to enforce a purported settlement agreement and set matter for hearing on October 1, 2019. A timely Response and Affidavit of Jeanne M. Cremeens, Esq. was filed and served in advance of hearing (Filing # 96357094) and indicated in part that:

18. To prevail on a motion to enforce a settlement agreement, Defendant must prove that there was a contract and, more specifically, that the terms of the offer, precisely as they were made, were accepted. Clearly Plaintiff did not agree to the confidentiality provisions or the all-encompassing release language in the proposed release. Likewise, Plaintiff did not agree to forego his life insurance benefits or seek damages he may be entitled to based on any incorrect handling of his current life insurance policy. There was no assent to the proposed settlement terms, and no settlement agreement i.e. contract which may be enforced by the Court.

19. Finally, Defendant cites to no basis whatsoever for recovery of the attorney's fees and costs it seeks in the motion. Without such basis, the request must be denied.

WHEREFORE, Plaintiff respectfully requests the Court deny Defendant's Motion in its

13. On October 1, 2019, instead of pending motions set for hearing heard with response in opposition of record, withdrawal of counsel was ordered on less than (1) one court day notice and without transition plan or basic arrangements for this litigation placed in trust on September 9, 2019. Thereafter, Doe provided H&C with some information about privacy and unique concerns of Florida patients and related provisions of state law.[1]

---

[1] "Foreseeing chaos and hysteria, [FN referenced; all FNs referenced; full text omitted herein], the Legislature resolved in 1988 to address the full range of legal issues raised by the unparalleled tragedy now beginning to unfold in Florida. What emerged from the 1988 Regular Session was a sweeping reform contained in the Omnibus AIDS Act of 1988 (Omnibus AIDS Act). [FN] This broad series of enactments will touch virtually every area of legal practice and will push the state into the forefront of jurisdictions responding comprehensively to the threat posed by HIV. [FN]  One legislator, openly worrying about the public hysteria over AIDS, indicated that the Omnibus AIDS Act brings to Florida an abrupt philosophic change meant to prepare the state for the tens of thousands of deaths expected from HIV infection in the 1990s.  [FN]  This ominous prediction is fully consistent with the forecast that up to 500,000 deaths will occur nationwide in four years. [FN omitted herein]  In preparation for this disaster, *the Omnibus AIDS Act and related legislation revise*

14. Thereafter, the parties continued with good faith settlement discussions and H&C and Smith advised State Court on January 8, 2020 (01 08 2020) that solely **non-economic** terms were precluding settlement: Below is from January 8, 2020 Hearing:

P R O C E E D I N G S

2 THE COURT: All right. John Doe versus

3 Connecticut General Life Insurance.

4 MR. SMITH: Good morning, Your Honor.

5 THE COURT: Case management conference.

6 Yes, sir.

7 MR. SMITH: Ruel Smith. And Mr. Doe is

8 present in the courtroom as well.

9 MR. DOE: Good morning, Your Honor.

10 THE COURT: Good morning, again. What's

11 going on with the case?

12 MR. SMITH: We are very close. In fact,

13 we hoped to notify the Court that this could

---

*and supplement no less than twelve major substantive areas of Florida law,* by: (1) *outlawing certain forms of discrimination against people believed to be HIV infected and by creating new causes of action to enforce these rights*; [FN] (2) declaring that HIV-related information about prior occupants is not a material fact in real estate transactions; [FN] (3) placing new limits on the use of HIV-related information in insurance underwriting; [FN] (4) providing new procedures for isolating individuals suspected of contributing to the spread of HIV; [FN] (5) creating new criminal sanctions for those who knowingly pass HIV to others; [FN] (6) *laying down new legal standards for AIDS testing, counseling and confidentiality*; [FN] (7) providing new standards for HIV-related drugs, home tests, and therapies; [FN] (8) setting new guidelines for dealing with AIDS in the state's prisons and jails; [FN] (9) creating a massive statewide educational program; [FN] (10) establishing new standards for donating human blood and tissue; [FN] (11) providing for new epidemiological research and planning; [FN] and (12) coordinating local patient-care delivery systems. (italicized emphasis added) [FN] "*Fall 1988 Florida's Omnibus AIDS Act of 1988", Florida State University Law Review*"; see also Robert C. Waters, *Florida's Omnibus AIDS Act of 1988*, 16 Fla. St. U. L. Rev. 441 (2017).   http://ir.law.fsu.edu/lr/vol16/iss3/2

>14 be taken off the calendar. We are waiting for
>
>15 one more decision from Cigna's Compliance
>
>16 Department concerning a term of -- a
>
>17 noneconomic term of the agreement.
>
>18 THE COURT: Oh, really?
>
>19 MR. SMITH: That is our status.
>
>20 THE COURT: Okay.
>
>21 MR. SMITH: We are very close, we think.

15. Thereafter, settlement discussions ended because of parties' continued material disagreement with respect to HIV/AIDS records and, with reservation of rights, Doe certifies as to doing best to not further delay already long-pending litigation, including during periods dealing with various not unexpected effects of survivability cancer treatment plan. Despite such, Connecticut General, H&C, Lehner and Smith have complained about allegedly abusive litigation tactics, to which Doe has responded, including in document filed on June 24, 2020:

> "7.  Based upon procedural flaws, the Notice of Hearing should be stricken.  Should Connecticut General truly believe Doe has engaged in any improper conduct, a motion for sanctions is required to be served according to rules.  Such is simple to do.  Serve a motion after conferral; allow time required by law; notice a hearing and allow sufficient time for argument.  With reservation of rights, the record of this case indicate that Doe's first request for a continuance or delay was on July 31, 2019 and Doe's recent unanticipated emergency medical care and follow-up treatment for debilitating viral respiratory infection and surgery in connection to misdiagnosed advanced stage invasive cancer is of record under penalty of perjury.
> 8.  Doe has repeatedly offered (and with reservation of rights, estate and trust attorney was prepared to bring documents to Chambers for review immediately following February 4, 2020 hearing in which hearing date and three (3) Hour time period was allotted and for hearing to be conducted on April 24, 2020 initially allotted approximately thirty minutes and originally set to be heard on October 1,

2019) to provide Court with necessary information. Based upon pending matters concerning HIV/AIDS records, it is eminently reasonable to present such documents to this Court in Chambers. While also mindful that Court officials and personnel may be working from home/remote, Doe requests opportunity to present trust and medical records to Court at any such location; Doe will not disclose location and pay fees of Sheriff or other manner of transportation to and from such location.

9. Doe respectfully suggests that with consideration to facts and circumstances of this case, including as set forth below, that the Court order the notice of hearing stricken as procedurally flawed and further order Connecticut General follow procedures provided by law and on a date thereafter set a hearing and provide proper notice with sufficient time for argument in open court in a Courtroom with technology.

10. With reservation of rights and objection of record (and notice of current condition), if the Court is inclined to deny this motion and permit a hearing to go forward, Doe respectfully requests Defendant re-issue notice and list amount of time allocated for hearing in a Courtroom with technology. Due to ongoing doubt and concerns of Hinshaw & Culbertson LLP as to Doe's medical condition and legal trust created with approval of trust and Fiduciary on September 4, 2019 by Jeanne M. Cremeens, Esq., Doe respectfully requests to appear in person at hearing on June 26, 2020 to allow Court to review and not place in record or provide to Connecticut General at this time based upon some of the issues referenced herein.

11. In sum, Connecticut General's barbaric response to a medical emergency at a voluntary settlement conference (of case Connecticut General had improperly removed and thereafter caused to languish and which has imposed upon Doe and others has caused irreparable harm, loss of longtime counsel due to emergency withdrawal required by the Florida Bar and adjudicated on less than a day notice) was due to be heard on October 1, 2019. Doe refuses to waive rights and further impose upon others. Mrs. Cremeens and the Cremeens Law Group PLLC timely filed a response on September 26, 2019 to allegedly sham motion to enforce a purported settlement agreement filed on September 4, 2019 and set to be heard on October 1, 2019. [(DI # 31) Filing # 96357094 E-Filed 09/26/2019 02:59:06 PM.]

12. The Progress Docket entries and other information set forth below are indicative that Doe has been more than patient and cooperative and endeavoring in good faith to resolve issues in civil manner. The Court could and should quash the notice of hearing and provide Doe further relief as this Court deems appropriate and just. For example, the Court could include orders such as to show cause with respect to Defendant's baseless arguments about preemption and independent legal duties explicated in Order of Remand entered on September 27, 2017 with respect to HIV/AIDS records and require Defendant to reimburse Fiduciary and others imposed upon by continued course of conduct.

(DI # 105) Filing # 108982949 E-Filed 06/17/2020 11:21:21 AM DEFENDANT, CONNECTICUT GENERAL LIFE INSURANCE COMPANY'S MOTION FOR ORDER SETTING DEPOSITION AND EVIDENTIARY HEARING AND FOR SANCTIONS

(DI # 106] Filing # 108997438 E-Filed 06/17/2020 01:38:17 PM  DEFENDANT, CONNECTICUT GENERAL LIFE INSURANCE COMPANY'S NOTICE
OF FILING EXHIBITS TO MOTION FOR ORDER SETTING DEPOSITION AND EVIDENTIARY HEARING AND FOR SANCTIONS

(DI # 107) Filing # 109076838 E-Filed 06/18/2020 03:43:31 PM NOTICE OF TAKING CONTINUED DEPOSITION VIA VIDEOTELECONFERENCE

(DI #108) Filing # 109149567 E-Filed 06/19/2020 06:01:00 PM  DEFENDANT'S NOTICE OF HEARING

(DI # 109)  06/22/2020  ORDER REQUIRING ELECTRONIC/TELEPHONIC APPEARANCES VIA "ZOOM" ON 6-26-20 @ 10 AM

 (DI #100 Filing # 106874972 E-Filed 04/29/2020 11:38:39 PM NOTICE TO THE COURT AND DECLARATION

Plaintiff Doe hereby provides the following under penalty of perjury:

On April 23, 2020 and with reservation of rights and privileges, pursuant to physician orders (infectious disease specialist), I reported to emergency department of local hospital for breathing issues and was provided emergency care and treatment plan (acquired immune deficiency syndrome, recurrent invasive advanced stage cancer, seizure disorder and narcolepsy) was modified. Pursuant to emergency physician orders, I have followed up with primary care medical team and have prescheduled follow-up consultations scheduled for April 30, 2020 and dates thereafter, including with infectious disease specialist, anesthesiology and neurology. It has been explained to me that it may take at least two weeks (and likely more due to condition) for resolution of issue.
I declare under penalty of perjury that the foregoing is true and correct.


(DI # 104) Filing # 108964161 E-Filed 06/17/2020 06:12:40 AM Declaration AND NOTICE TO THE COURT
Plaintiff Doe hereby provides the following under penalty of perjury:

As indicated in Declaration and other documents filed under penalty of perjury and with reservation of rights and privileges, in addition to daily treatment for acquired immune deficiency syndrome indicated in record, including Order of Remand entered by the United States District Court (Doe v. Jasper & Connecticut General Life Insurance Co., 2017 U.S. Dist. LEXIS 158808 (M.D. Fla., Sept. 27, 2017)(preemption and other matters remain pending following numerous hearings requested by Connecticut General Life Insurance Company) and emergent treatment and care for respiratory viral condition diagnosed on April 23, 2020. I have remained under care of multi-disciplinary medical team with respect to recurrent advanced stage invasive cancer and neurological conditions misdiagnosed by

Bhupendra K. Gupta, M.D. of Brandon, Florida, and expect to be available on or about June 23, 2020 following recovery from another surgical procedure, and respectfully request consideration and any further and other relief as this Honorable Court seems appropriate and just.  I declare under penalty of perjury that the foregoing is true and correct. Executed on 6/17/2020. John Doe"

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 26, 2020.

*John Doe*

16. With respect to all Defendants, this Court has jurisdiction under 28 U.S.C. § 1331 (case arising under the United States Constitution or federal laws or treaties), Federal Constitution, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. (Title II as to Defendants, State Court, Tirado-Baker, Duck, Office of the Clerk of Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida and Office of State of Florida Courts Administrator), 42 U.S.C. § 1985, and supplemental jurisdiction, §381.004, Fla.Stat.

17. With respect to Defendants, State Court, Tirado-Baker, Duck, Office of the Clerk of Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida and Office of State of Florida Courts Administrator, this Court has jurisdiction under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray as follows:

1. For a temporary restraining order, preliminary and permanent injunction, enjoining and restraining Defendants from engaging in the policies, practices and conduct complained of herein;

2. For a declaratory judgment that Defendants' policies, practices and

conduct as alleged herein violate Plaintiffs' rights under the United States and Florida constitutions and the laws of Florida;

      3.      For damages in an amount to be determined according to proof.

      4.      For costs of suit and fees as provided by law;

      5.      For such other relief as the Court deems just and proper.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated this 26th day of June, 2020.

By: *John Doe*

John Doe

c/o Douglas B. Stalley

16637 Fishhawk Blvd, Suite 106

Lithia, FL  33547

Phone (813) 684-9800

Email for Doe (Electronic Document Filing Permission Request to Be Submitted)

florida.omnibus.aids.act@gmail.com