UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DOE,

      Plaintiff,

v.                                                    Case No. 8:20-cv-1454-T-KKM-TGW

CONNECTICUT GENERAL LIFE
INSURANCE COMPANY, et al.,

      Defendants.
_____/

## ORDER

The defendants move to stay discovery pending the Court's ruling on motions to dismiss. (Docs. 65, 66, 69). Defendant Hinshaw & Culbertson further moves for an order prohibiting the plaintiff from directly contacting Defendants Connecticut General Life Insurance Company, Life Insurance Company of North America, and Cigna Corporation. (Doc. 69). The plaintiff, proceeding pro se, submitted no response to the defendants' motions, and the time to do so has passed. *See* Local Rule 3.01(c).

For good cause, the court may stay discovery to protect parties from annoyance, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558–59 (11th Cir. 1985). Before allowing discovery to begin, district courts should attempt to resolve motions to dismiss for failure to state a claim in order to avoid unnecessary costs to litigants and the Court. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–68 (11th Cir. 1997).

The defendants have filed several motions to dismiss the plaintiff's complaint for failure to state a claim for relief. (Docs. 26, 44, 45, 59). Resolving these motions before discovery begins will help avoid unnecessary costs and burdens on the litigants and the Court. As a result, good cause exists to stay discovery, and the defendants' motions to stay discovery are granted.

Defendants Hinshaw & Culbertson also move for an order prohibiting the plaintiff from communicating directly with Connecticut General, Life Insurance Company, and Cigna. (Doc. 69). According to Hinshaw & Culbertson, the plaintiff "sent numerous emails to three corporate officers in particular, including the CEO of Cigna Corporation, despite having been advised in writing to cease the same." (*Id.* at 2). Because plaintiff has not filed a response opposing this order or rebutting the representations therein, the Court accepts these representations as true.

Pro se litigants are governed by the same rules that govern attorneys. *See Moon v. Newsome*, 863 F.2d 835, 837–38 (11th Cir. 1989). Rule 4-4.2 of the Florida Rules of Professional Conduct states that:

> [A] lawyer must not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer.

Hinshaw & Culbertson represents the corporate defendants. As a result, the plaintiff may not communicate with the corporate defendants—or any defendant represented by counsel—without opposing counsel's consent. Therefore, Hinshaw & Culbertson's request for an order prohibiting the plaintiff from directly communicating

with the corporate defendants is granted. **Plaintiff is warned that future violations of this order will result in sanctions.**

The Court also warns the plaintiff not to file discovery-related motions now that discovery is stayed pending a ruling on the motions to dismiss. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 (11th Cir. 2002) (explaining that courts have the power to restrict a litigant's filings); *Washington v. Alaimo*, 934 F. Supp. 1395 (S.D. Ga. 1996); *see also In re May*, No. 00-2266-CIV-JORDAN, 2000 WL 1276943, at *2 (S.D. Fla. Aug. 31, 2000) (Jordan, J.) ("Courts have 'considerable discretion' in determining how to mitigate the waste of judicial resources caused by individuals who file frequent, meritless actions.") (citation omitted). Plaintiff should be particularly mindful about filing future frivolous motions in this case, and he is reminded that any motion must comply with the Federal Rules of Civil Procedure and the Local Rules. **The plaintiff's failure to adhere to this warning will result in the Court considering whether to restrict the plaintiff's filings altogether.**[1]

The following is **ORDERED**:

1. The defendants' motions to stay discovery (Docs. 65, 66, 69) are **GRANTED**. Discovery is **STAYED** pending the Court's ruling on the defendants' motions to dismiss.

---

[1] The plaintiff has another case before this Court. *Doe v. Cigna Corp., et al.*, No. 8:21-CV-225-KKM-CPT. The Court's warning about frivolous warnings in this order apply with equal force to that case.

2. Hinshaw & Culbertson's request for an order prohibiting the plaintiff from communicating with represented parties (Doc. 69) is **GRANTED**. The plaintiff may not communicate with any party represented by counsel unless he has that counsel's consent.

3. The plaintiff's pending motions (Docs. 42, 43, 67, 68, 71) are **DENIED WITHOUT PREJUDICE**. The plaintiff may renew his motions if the defendants' motions to dismiss are denied.

**ORDERED** in Tampa, Florida, on March 9, 2021.

_____
Kathryn Kimball Mizelle
United States District Judge