UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DOE,

    Plaintiff,

v.                                                Case No. 8:20-cv-1454-KKM-TGW

CONNECTICUT GENERAL LIFE
INSURANCE COMPANY, et al.,

    Defendants.
_____/

## ORDER

The Plaintiff John Doe, proceeding pro se, filed this lawsuit against Connecticut General Life Insurance, Cigna Corporation, Life Insurance Company of North America, Hinshaw & Culbertson LLP, Isha Tirado-Baker, Jeffrey Duck, the Office of the Clerk of Court of the Thirteenth Circuit in and for Hillsborough County (Clerk of Court), Florida Office of the State Court Administrator, and Judge Rex Barbas. (Doc. 1).[1]

The complaint fails to identify precisely what claims Plaintiff asserts against the Defendants and the factual basis for those claims. But—from what the Court can decipher—his allegations concern a delay in state-court proceedings that involve Cigna

---

[1] The Plaintiff also sues Steven Lehner, Ruel Smith, "Doe Agency," "Doe Company," "Doe Corporation," "Doe LLC," "Doe PA," "Doe PL," "Doe PLLC," and "Jane and John Doe 1-5." *See* (Doc. 1). Without addressing the propriety of suing those defendants, the Court dismisses without prejudice the Plaintiff's claims against them for failure to timely serve them. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant.").

and discovery and settlement disputes with the parties in that case. *See* (Doc. 1). What is clear is that the Plaintiff asserts claims under the American with Disabilities Act (ADA) and 42 U.S.C. Sections 1983 and 1985. (*Id.* at 12). For relief, he seeks a temporary restraining order, preliminary and permanent injunction, declaratory judgment, damages, and "costs of suit and fees as provided by law." (*Id.* at 12–13).

For the reasons discussed in the Defendants' motions to dismiss (Docs. 26, 44, 45, and 59), the Plaintiff's complaint must be dismissed. Namely, to the extent the Plaintiff seeks review of a state-court ruling or judgment, that cause of action is prohibited by the *Rooker-Feldman* doctrine. *See Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012) ("The [*Rooker-Feldman*] doctrine is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments.") (citation omitted). To the extent he seeks review of state-court orders entered in ongoing proceedings, that cause of action is prohibited by *Younger* abstention. *Wexler v. Lepore*, 385 F.3d 1336, 1340 (11th Cir. 2004) ("[*Younger*] abstention doctrine is not triggered unless the federal injunction would create an 'undue interference with state proceedings.'") (citation omitted).

The Plaintiff also fails to state a claim for relief under the ADA. *See Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007) ("In order to state a Title II claim [under the ADA], a plaintiff generally must prove (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise

discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.") (citation omitted); *see also* Fed. R. Civ. P. 8(a)(2) (stating that a pleading must, among other things, contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Nowhere in his complaint does the Plaintiff sufficiently allege how a public entity excluded him from participation in its services, denied him benefits of the entity's services, or discriminated against him by reason of his disability.

As to the Section 1983 claim, that fails because the Plaintiff never alleges a specific federal right that the Defendants violated. *See Doe v. Sch. Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1265 (11th Cir. 2010) ("A [Section] 1983 plaintiff must allege a specific federal right violated by the defendant."). Nor does the Plaintiff sufficiently allege facts to establish a claim under Section 1985 or which civil rights he alleges Defendants conspired to violate. *See Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003) ("Section 1985 provides a vehicle to redress conspiracies to interfere with civil rights.").

As alleged, Tirado-Baker, Duck, the Clerk of Court, and Judge Barbas are also entitled to absolute immunity from the Plaintiff's claims. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'"); *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) ("Nonjudicial officials are encompassed by a judge's absolute immunity when

their official duties 'have an integral relationship with the judicial process.'") (citation omitted).

Finally, the Plaintiff's complaint is an impermissible shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320–23 (11th Cir. 2015) (discussing types of shotgun pleadings). Most obviously, the complaint fails to separate into difference counts each cause of action or claim for relief. *Id.* at 1321–23). And the Plaintiff asserts multiple claims against multiple Defendants without specifying which Defendant is responsible for which action or against which Defendant a specific claim is brought. *Id.* at 1323; *see also Omanwa v. Catoosa Cnty., Ga.*, 711 F. App'x 959, 964 n.2 ("[D]espite the fact that pro se complaints are to be liberally construed, they are still required to conform with procedural rules governing the proper form of pleadings.").

The Defendants' motions to dismiss will be granted and the Court will allow the plaintiff one opportunity to amend his complaint. *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1206 (11th Cir. 2003) ("[D]istrict courts are required to give plaintiffs at least one opportunity to amend a complaint before the district court dismisses an action with prejudice."). But the Plaintiff's failure to cure the deficiencies discussed above will result in dismissal with prejudice. As a result, the following is **ORDERED**:

    1. The Defendants' motions to dismiss (Docs. 26, 44, 45, and 59) are **GRANTED**. The plaintiff's complaint is **DISMISSED without prejudice**.

2. By **August 17, 2021**, the plaintiff must file an amended complaint that cures the deficiencies discussed in the Defendants' motions and this order. Failure to file an amended complaint that cures the deficiencies discussed will result in the Court closing this case or dismissing his claims with prejudice, or both.

3. If the Plaintiff files a nondeficient amended complaint, the Defendants' deadline to respond to the complaint is **September 3, 2021**.

4. The Plaintiffs' other pending motions (Docs. 79, 80, 85, and 86) are **DENIED**. The plaintiff is once again reminded not to file extraneous motions until he files a nondeficient amended complaint.

**ENTERED** in Tampa, Florida, on August 3, 2021.

_____
Kathryn Kimball Mizelle
United States District Judge